UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21830 MC UNASSIGNED

IN THE MATTER OF THE EXTRADITION
OF
MANUEL ANTONIO NORIEGA
_____/

MAGISTRATE JUDGE
TURNOFF

FILED by _____ DC
DKTG
JUL 17 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

I, Michael P. Sullivan, being duly sworn, depose and state that I am an Assistant United States Attorney for the Southern District of Florida and act for and on behalf of the Government of France pursuant to the Extradition Treaty between the United States of America and France entered into force on February 1, 2002, (the Treaty) with respect to Manuel Antonio Noriega ("Noriega").

In accordance with Title 18, United States Code, Section 3184, I charge, on information and belief, as follows:

1. Noriega is duly and legally charged with having committed, in the jurisdiction of France, the crime of engaging in financial transactions with the proceeds of illegal drug trafficking, in violation of section 415 of the French Customs Code (Law 88-1149 of December 23, 1988, promulgated on December 28, 1988).

Article 2 of the Treaty provides that a charge for such offense shall serve as the basis for the extradition.

2. A warrant for Noriega's arrest was issued on July 1, 1999, by the High Court of Paris, France.

3. According to an investigation by French authorities, Noriega is wanted based on the following facts:

Noriega engaged in financial transactions in France with the proceeds of illegal drug trafficking activity. During the 1970s and 1980s, Noriega served as chief of Panama's military intelligence and later as commander of the Panamanian Defense Forces. He was arrested by U.S.

forces in Panama in January 1990. Noriega was convicted on April 9, 1992 in the Southern District of Florida of drug trafficking activities in connection the trafficking of drugs from Colombia to the United States.

Noriega's trial in the United States showed that in the 1980s, he came into contact with members of the Medellin, Colombia drug cartel, who were looking for ways to ship cocaine from Colombia through Panama into the United States and to launder the proceeds of drug sales. Noriega and the Medellin cartel reached a series of illicit agreements, whereby, with Noriega's assistance, the drug cartel transported significant quantities of cocaine through Panama to the United States from 1982 through 1985. They also used Noriega's protection to transport ether for cocaine processing and cash proceeds from their drug transactions to or through Panama. The Medellin cartel directed large cash payments to Noriega, which he deposited in banks in Panama and Europe.

The evidence against Noriega on which the French have relied is taken in part from the testimony at his U.S. trial and in part from investigation in France. Several witnesses at Noriega's trial in the United States testified about the payments that Noriega received from the Medellin cartel, which were the proceeds of drug trafficking. These witnesses include Steven Kalish, Ricardo Bilonick, Floyd Carlton and Carlos Lehder. Steven Kalish, a marijuana dealer, testified that with Noriega's assistance, he transported marijuana through Panama to the United States, and that he laundered millions of dollars in drug proceeds through Panamanian banks, including the Bank of Credit and Commerce International (BCCI) in Panama. In 1983 and 1984, Kalish paid Noriega $2.5 million for his assistance in his illegal activities. Ricardo Bilonick also testified about the role that Noriega played in assuring the safe passage of numerous flights between Panama and Miami, in which the cargo was either cocaine destined for the United States or the cash proceeds of drug sales sent to Panama. In 19 such flights, some 20 tons of cocaine was transported, and Noriega received a fee of $500,000 per flight. Up to $60 million in cash proceeds of drug trafficking was deposited in three different Panamanian banks. Floyd Carlton, a pilot who worked for Noriega, and Carlos Lehder, a member of the Medellin cartel, both confirmed Noriega's involvement in drug trafficking

and the millions Noriega received in payment for his assistance.

The manager of the BCCI in Panama, Amjad Awan, who was convicted along with several other conspirators of money laundering in the Middle District of Florida (see United States v. Awan, 966 F.2d 1415 (11th Cir. 1992)), admitted that Noriega opened secret accounts at BCCI, ostensibly for funds of the Panamanian National Guard. In fact, however, the accounts were controlled by Noriega and for his benefit. He made large cash deposits on a regular basis. Starting in January 1982 and continuing into 1988, Noriega made deposits into his accounts at BCCI in Panama about every other month, in amounts ranging from $100,000 to more than $3 million. A financial analyst in the U.S. trial of Noriega concluded that Noriega's Panama-based accounts received total deposits of $19 million.

Starting in 1983, money was transferred from Noriega's BCCI accounts in Panama to BCCI branches in London, where accounts were opened in the names of Noriega and various of his family members. Money was then transferred from London to BCCI branches or other banks in Luxembourg, Switzerland, France, Germany and Austria. At one point, several million dollars that had been transferred to BCCI in Luxembourg was sent to London to an account opened by Capcom Corporation. Capcom Corporation was run by a person named Akbar, who had agreed to receive funds owned by Noriega in order to keep their true owner secret. Numerous transfers of funds were made, often through the BCCI network of branches, so that it was difficult to trace the source of the funds.

Investigation in France has identified a number of transactions involving accounts in France attributable to Noriega. The transactions that form the basis of the French prosecution occurred between December 28, 1988 and December 22, 1989. These transactions involve a total of approximately 15 million French francs that were transferred from Panama via the United Kingdom, the United States, Germany, Switzerland, Austria, Luxembourg, and other countries to bank accounts in France. The bank accounts in France include accounts in Paris and Marseille at Credit Industriel & Commercial (CIC), Banque Nationale de Paris (BNP), Credit Lyonnais, Banco del Brazil, and

BCCI. They were opened in the names of Noriega, his family members and some Panamanian diplomats in France. [Unlawful transactions involving another $20 million French francs in drug proceeds are attributable to Mrs. Felicidad Noriega, the wife of Manuel Noriega].

In addition, Noriega's funds emanating from illegal drug trafficking were used to purchase three apartments in Paris. In October 1982, an apartment at 228 rue de l'Universite was purchased for 1,810,000 francs by a Panamanian corporation, Gaswitt Investment, run by Gaspar Wittgreen. The payment was made with three checks drawn on the Banque Nationale de Paris (BNP) in Paris, checks that were sent by Wittgreen acting on behalf of Felicidad Noriega. In 1983, Felicidad Noriega purchased an apartment at 55/63 quai de Grenelle, Tour Totem, for 2.4 million French francs. In December 1984, an apartment at 91/93 quai d'Orsay was purchased by another Panama-based company, Capricorno International, represented by Wittgreen. The purchase was financed by a loan of $400,000, which was personally guaranteed by Noriega. Three names were listed as occupants of the apartment: Capricorno S.A., Wittgreen, and Noriega.

Noriega was convicted in absentia in France on July 1, 1999 and sentenced to 10 years of imprisonment and a fine of 75 million French francs. The reason that the French prosecution and conviction are based on the financial transactions that took place from December 28, 1988 to December 22, 1989, is that the French law criminalizing this type of activity, section 415 of the Customs Code, took effect on December 28, 1988. The French extradition request includes an assurance that Noriega is entitled to a new trial once he is in France.

4. Noriega, who is within the jurisdiction of this Court, is currently incarcerated in a federal prison in Miami, Florida, serving a sentence imposed in 1992 for a drug-related conviction in the United States District Court for the Southern District of Florida.

5. Noriega is a citizen of Panama, male, born on February 11, 1938 in Darien, Panama.

6. In a request attached hereto, the government of France has formally requested the extradition of Noriega to France.

Whereupon, your complainant requests:

4

    a. that a warrant be issued pursuant to Title 18, United States Code, Section 3184, for Noriega's arrest;

    b. that Noriega be brought before this Court and the evidence of criminality be heard;

    c. that if, on such hearing, the Court deems the evidence sufficient under the provisions of the Treaty to sustain the charges, the Court certify the same to the Secretary of State in order that a warrant may be issued for Noriega's surrender to the appropriate authorities of France according to the Treaty; and

    d. that this Court take such other actions as may be required under the provisions of the Treaty and the laws of the United States to meet the obligations of the United States under the Treaty.

                                               *[signature]*
                                         MICHAEL P. SULLIVAN
                                         ASSISTANT UNITED STATES ATTORNEY

Sworn to before me and subscribed in my presence this ___ day of July, 2007 at Miami, Florida

AND A WARRANT SHALL ISSUE.

                                         WILLIAM C. TURNOFF
                                         UNITED STATES MAGISTRATE JUDGE

cc:    Michael P. Sullivan, AUSA
        U.S. Marshal Service

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

### DEFENDANTS

IN RE: IN THE MATTER OF THE EXTRADITION OF MANUEL ANTONIO NORIEGA

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael P. Sullivan, AUSA
99 NE 4th Street
Miami, Florida 33132
Telephone: (305) 961-9274

07-21830

Attorneys (If Known)

MC UNAssigned

MAGISTRATE JUDGE
TURNOFF

(d) Check County Where Action Arose: ☒ DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

1:2007mc21830/UNA/uct

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent |  |
|  | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | **PERSONAL PROPERTY** |  |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

FILED by __ D.C.
DKTG
JUL 17 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 7/17/07
SIGNATURE OF ATTORNEY OF RECORD
M P Sullivan

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____

UNITED STATES DISTRICT COURT • SOUTHERN DISTRICT OF FLORIDA

# ATTACHMENT(S)
# NOT SCANNED/SCANNED
## and are available in the
# SUPPLEMENTAL PAPER FILE

## PLEASE REFER TO COURT FILE MAINTAINED IN THE OFFICE WHERE THE JUDGE IS CHAMBERED

CASE NO. 07-21830-MC-UNA

Date 7/17/07

- ☐ **DUE TO POOR QUALITY**
- ☐ VOLUMINOUS (exceeds 999 pages = 4 inches)
    consisting of (boxes, notebooks, etc.)_____
- ☐ BOUND EXTRADITION PAPERS
- ☐ ADMINISTRATIVE RECORD (Social Security)
- ☐ ORIGINAL BANKRUPTCY TRANSCRIPT
- ☐ STATE COURT RECORD (Habeas Cases)
- ☐ SOUTHERN DISTRICT TRANSCRIPTS
- ☐ LEGAL SIZE
- ☐ DOUBLE SIDED
- ☐ PHOTOGRAPHS
- ☐ SURETY BOND (original or letter of undertaking)
- ☐ CD's, DVD's, VHS Tapes, Cassette Tapes
- ☑ OTHER = Extradition Treaty