UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Misc. No. 07-21830

IN THE MATTER OF THE EXTRADITION
OF MANUEL ANTONIO NORIEGA
_____/

## CERTIFICATION OF EXTRADITABILITY AND ORDER OF COMMITMENT

THIS MATTER came before the Court by a Complaint filed on July 17, 2007, by Assistant United States Attorney Michael Patrick Sullivan, acting in this matter on behalf of the Government of France, and pursuant to France's request for the extradition of fugitive Manuel Antonio Noriega.

On August 28, 2007, the Court conducted an extradition hearing at which the authenticated documents submitted by the Government of France were received in evidence. The fugitive appeared with counsel.

The Court has carefully reviewed the evidence, including the Declaration of Kenneth R. Propp, Attorney-Advisor in the Office of the Legal Adviser, Department of State.

The identity of Manuel Antonio Noriega as the person sought to be extradited was not contested either in the pleadings or in the extradition hearing. The fugitive also did not contest the existence of a valid extradition treaty or the existence of probable cause.

The Court finds that:

1. the undersigned judicial officer is authorized under Title 18, United States Code, Section 3184, to conduct an extradition hearing;

2. the Court has personal jurisdiction over the fugitive and subject matter jurisdiction over the case;

3. there is currently in force an extradition treaty between the United States and France;

Dockets.Justia.com

4. a warrant was issued for the fugitive by the requesting state, France, which has duly and legally charged fugitive Manuel Antonio Noriega with violations under French law of engaging in financial transactions with the proceeds of illegal drug trafficking, in violation of section 415 of the French Custom Code (Law 88-1149 of December 23, 1988, promulgated on December 28, 1988);

5. these French charges constitute extraditable offenses within the meaning of Article 2 of the Extradition Treaty between the United States of America and France of February 1, 2002;

6. France, the requesting state, seeks the extradition of the fugitive, who was convicted in absentia in France on July 1, 1999 and sentenced to ten years' imprisonment and fined 75 million French francs. The French request includes an assurance that the fugitive may request a new trial once he is in France; and

7. there is probable cause to believe that Manuel Antonio Noriega, the fugitive and the same person who is before the Court, committed the offense for which his extradition is sought. The Court makes this finding after reviewing the documentary evidence submitted by France;

8. the fugitive asserted that his extradition to France is barred by the Third Geneva Convention. In light of the historic and statutorily limited role of the Magistrate Court in reviewing an extradition request, that claim is not properly raised with this Court. Accordingly, this Court defers to, and adopts by reference, the Order of Judge William M. Hoeveler of August 24, 2007, in *United States v. Noriega*, 88-0079-CR-Hoeveler (Docket Entry 1713).

Based on the foregoing findings, the Court concludes that Manuel Antonio Noriega is extraditable for the offense for which extradition was requested, and hereby certifies this finding to the Secretary of State as required under Title 18, United States Code, Section 3184.

IT IS THEREFORE ORDERED that a certified copy of this Certification of Extraditability

and Order of Commitment be forwarded without delay by the Clerk to the Department of State, to the attention of the Office of the Legal Adviser;

AND IT IS FURTHER ORDERED that Manuel Antonio Noriega be committed to the custody of the United States Marshal for this District pending final disposition of this matter by the Secretary of State and surrender to designated agents of the Government of France.

_____
HON. WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

Date: August 29, 2007